# *Exhibit A*

# *Exhibit A*

 **CT Corporation**

**Service of Process Transmittal**
08/23/2018
CT Log Number 533934968

| | |
|---|---|
| **TO:** | Dawn Call<br>Management & Training Corporation<br>500 North Marketplace Drive<br>Centerville, UT 84014- |
| **RE:** | **Process Served in California** |
| **FOR:** | Management & Training Corporation  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSUE MENDOZA, ETC., PLTF. vs. MANAGEMENT AND TRAINING CORPORATION, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPALINT, ATTACHMENT(S) |
| **COURT/AGENCY:** | San Diego County - Superior Court - Central Division, CA<br>Case # 37201800038572CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - COMPLAINT FOR DAMAGES |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/23/2018 at 15:29 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 CALENDAR DAYS AFTER THIS SUMMONS AND LEGAL PAPERS ARE SERVED ON YOU |
| **ATTORNEY(S) / SENDER(S):** | THOEDORE R. TANG<br>FRONTIER LAW CENTER<br>6320 CANOGA AVENUE, SUITE 1500<br>WOODLAND HILLS, CA 91367<br>818-924-3103 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2018, Expected Purge Date: 08/30/2018<br><br>Image SOP<br><br>Email Notification,  Dawn Call  dcall@mtctrains.com<br><br>Email Notification,  Lisa Rich  lisa.rich@mtctrains.com<br><br>Email Notification,  Mary Barnes  Mary.Barnes@mtctrains.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Management and Training Corporation, and Does 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Josue Mendoza, on behalf of himself and a class of similarly situated individuals, and the general public

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/01/2018** at 11:48:43 AM

Clerk of the Superior Court
By Gen Dieu, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | CASE NUMBER: <br> *(Número del Caso):* 37-2018-00038572-CU-OE-CTL |
| --- | --- |

San Diego County Superior Court, 330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frontier Law Center, 23901 Calabasas Road, STE #2074, Calabasas, CA, 91302, (818) 914-3433

| DATE: 08/02/2018 <br> *(Fecha)* | Clerk, by <br> *(Secretario)* G. Dieu | , Deputy <br> *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [XX] on behalf of *(specify):* Management and Training Corporation

under: [XX] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
| --- | --- | --- |

Theodore R. Tang (313294)
theodore@frontierlawcenter.com
Adam M. Rose (210880)
adam@frontierlawcenter.com
Emanuel Starr (319778)
Manny@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, STE #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Stephen M. Harris (110625)
stephen@smh-legal.com
LAW OFFICE OF STEPHEN M. HARRIS, P.C.
6320 Canoga Avenue, Suite 1500
Woodland Hills, CA 91367
Telephone: (818) 924-3103
Facsimile: (818) 924-3079

Attorneys for Plaintiff
Josue Mendoza, on behalf of himself and all others
similarly situated, and the general public

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/01/2018** at 11:48:43 AM

Clerk of the Superior Court
By Gen Dieu, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSUE MENDOZA, on behalf of himself and a class of similarly situated individuals, and the general public,<br><br>        Plaintiff,<br><br>v.<br><br>MANAGEMENT AND TRAINING CORPORATION, and DOES 1 to 100, inclusive,<br><br>        Defendants. | NO.   37-2018-00038572-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation of <u>B&PC</u> §17200, et seq.;<br>2. Failure to Pay All Wages (<u>Labor Code</u> §§200, et seq., 218,226,510,511,1194, and 2802);<br>3. Unpaid Wages Due to Rounding (<u>Labor Code</u> §§ 204, 218, 510, 1194,1194.2,1197,1198);<br>4. Failure to Provide Meal Breaks <u>Labor Code</u> §§226.7 & 512, et seq.;<br>5. Failure to Provide Rest Periods (<u>Labor Code</u> §§226.7 & 512);<br>6. Inaccurate Wage Statements <u>Labor Code</u> §226; |

-1-
COMPLAINT

1   Plaintiff Josue Mendoza on behalf of himself and all other persons similarly situated, and

2   the general public, hereby complains against Management and Training Corporation ("MTC" or

3   "Defendant"), and DOES 1 to 100, inclusive, allege as follows:

4

5   ## GENERAL ALLEGATIONS

6   ### JURISDICTION

7   1.   This is a civil action seeking recovery of unpaid wages under California Labor Code §§

8   200, et seq., 204, 218, 226, 226.7, 510, 511, 512, 1194, 1194.2, 1197, and 1198. The Plaintiff for

9   himself and on behalf of the general public, and all others, similarly situated, brings an action for

10  monetary damages for failure to pay wages as well as for injunctive relief, declaratory relief and

11  restitution for Defendant's violation of Business and Professions Code (B&PC) §17200, et seq.,

12  including full restitution of all compensation retained by Defendant, as a result of its unlawful,

13  fraudulent and unfair business practices. Plaintiff seeks all available relief, including full damages,

14  full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits

15  retained by Defendant as a result of its unlawful, unfair business practices. Further, Plaintiffs seek

16  injunctive relief under B&PC §17200, et seq.

17  ### VENUE

18  2.   Venue as to the Defendant is proper in this judicial district pursuant to California Code of

19  Civil Procedure (CCP) §§ 395(a), as Defendant is a foreign corporation that has not designated a

20  principal office, location, or address in the State of California. As Defendant does not have a

21  designated office in the State, venue is appropriate in any County in the State of California.

22  ### PARTIES

23  3.   Josue Mendoza is an individual over the age of eighteen (18). At all relevant times herein,

24  Mendoza was and currently is a resident of the County of Imperial, State of California.

25  4.   Plaintiffs are informed and believe and thereon alleges that at all times mentioned herein,

26  Defendant, Management and Training Corporation (hereinafter referred to as "MTC" or

27  "Defendant"), is and was a Delaware corporation.

28  5.   Plaintiffs are informed and believe and thereon alleges that at all times mentioned herein,

-2-
COMPLAINT

1  Defendant and Does 1 -100, are professional entities licensed to do business in California.

2  6.      Plaintiffs are informed and believe and thereon alleges that at all relevant times Defendant
3  was licensed to do business in the State of California, County of Imperial, with its principal place
4  of business in Centerville, Utah.

5  7.      Plaintiff is informed and believes and based thereon alleges, that MTC is an entity licensed
6  in the state of California, is a Delaware corporation, that owns, operates and/or controls all other
7  Defendants and are and were the employer of the Plaintiff. During the liability period, Defendant
8  employed Plaintiff and, due to its failure to schedule Plaintiff in such a manner that allowed for
9  Plaintiff to receive and/or take meal and/or rest breaks, Plaintiff was not provided and/or denied
10  work free meal and rest breaks. Defendant also failed to pay Plaintiff for all time worked due to its
11  rounding practice, which systematically results in losses to Plaintiff, and failed to pay overtime for
12  hours worked at the correct rate of pay. On information and belief and based thereon, Plaintiff
13  alleges that Defendant is conducting business in good standing in California.

14  8.      Plaintiff is informed and believe and thereon alleges, that Defendant and DOES 1 to 100,
15  control and operate business and establishments in locations within the State of California,
16  including, but not limited to, the County of Imperial, for the purposes of providing detention officer
17  services. Thus, each named Defendant and DOES 1 to 100 are subject to B&PC §17200, et seq.
18  (Unfair Competition Law) and the Labor Code as hereinafter alleged.

19  9.      Plaintiff does not know the true names or capacities, whether individual, partner or
20  corporate, of Defendant sued herein as DOES 1 to 100, inclusive, and for that reason, said
21  Defendants are sued under such fictitious names, and Plaintiff will seek from this Court leave to
22  amend this Complaint when such true names and capacities are discovered. Plaintiff is informed
23  and believes and thereon alleges that each Defendant and each fictitious Defendant, whether
24  individual, partners, or corporate, was responsible in some manner for the circumstances alleged
25  herein, and proximately caused Plaintiff to be subjected to the unlawful employment practices,
26  wrongs, injuries and damages complained of herein.

27  10.      At all times herein mentioned, each of said Defendants participated in the doing of the acts
28  hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants, and

1   each of them, were the agents, servants, and employees of each and every one of the other

2   Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting

3   within the course and scope of said agency and employment. Plaintiff herein alleges that Defendant

4   and each of them are the joint employer of Plaintiff.

5   11.     At all times mentioned herein, Defendant, and each of them, were members of and engaged

6   in a joint venture, partnership, and common enterprise, and acting within the course and scope of

7   and in pursuance of said joint venture, partnership, and common enterprise.

8   12.     At all times herein mentioned, and the acts and omissions of various Defendants, and each

9   of them, concurred and contributed to the various acts and omissions of each and every one of the

10  other Defendants in proximately causing the complaints, injuries and damages alleged herein.

11  13.     At all times herein mentioned, Defendant, and each of them, approved of, condoned, and/or

12  otherwise ratified each and every one of the acts or omissions complained of herein. At all times

13  herein mentioned, Defendant, and each of them, aided and abetted the acts and omissions of each

14  and every one of the other Defendants, thereby proximately causing the damages, as herein alleged.

15  14.     Plaintiff has been employed with Defendants from approximately September 2014 through

16  the present.

17  15.     Plaintiff was required to carry a radio and remain on call throughout his entire shift,

18  including during periods designated as "breaks".

19  16.     Plaintiff is a non-exempt employee.

20              **PLAINTIFF AND CLASS REPRESENTATIVE**

21  17.     The class representative who worked in the position of non-exempt hourly detention officer

22  employee, while employed by Defendant within the State of California, is Josue Mendoza.

23                  **CLASS ACTION ALLEGATIONS**

24  18.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class

25  action pursuant to CCP §382. The Classes which Plaintiff seeks to represent are composed of and

26  defined as follows:

27          Class 1: All non-exempt hourly detention officer employees of Defendant who worked at

28          any time during the time period from four (4) years preceding the filing of this Complaint

                                    -4-

1     through the date of class certification order.

2     **Class 2:**

3     All California based non-exempt hourly employees of Defendant who worked at any time

4     during the time period from one (1) year before the filing of this action through the date of

5     class certification order, who were not provided an accurate paystub (a.k.a. wage statement)

6     from Defendant ("Pay Stub Class");

7

8    19.    There are common questions of law and fact as to Plaintiff and all others similarly situated

9    which predominate over questions affecting only individual members including, without limitation

10    to:

11            a.   Whether Defendant violated the applicable <u>Labor Code</u> provisions including

12                §§510 and 1194 by requiring overtime work and not paying for said work

13                according to the overtime laws of the State of California;

14            b.   Whether Defendant failed to pay the appropriate straight time minimum wages,

15                and premium overtime compensation to the non-exempt hourly employees;

16            c.   Whether Defendant improperly retained, appropriated or deprived Plaintiff of

17                the use of monies or sums to which Plaintiff was legally entitled;

18            d.   Whether Defendant engaged in unfair business practices;

19            e.   Whether Defendants, and each of them, were participants in the alleged unlawful

20                conduct;

21            f.   Whether Defendant's conduct was willful or reckless;

22            g.   The effect upon and the extent of injuries suffered by Plaintiff and all others

23                similarly situated and the appropriate amount of compensation;

24            h.   The appropriate amount of monetary penalties allowed by <u>Labor Code</u> §§201, et

25                seq. and 226;

26            i.   Whether Defendant violated <u>Labor Code</u> §226 and relevant IWC Wage Orders

27                by failing to, among other violations, accurately report total hours worked by

28                Plaintiff and the members of the Plaintiff class;

j.  Whether Defendant knowingly and intentionally failed to maintain records for Plaintiffs and members of the Plaintiff class as required by Labor Code §1174 and §7 of the IWC Order 4 – 2001;

k.  Whether Defendant failed to provide regularly compliant meal periods; and

l.  Whether Defendant failed to authorize and permit legally compliant rest breaks;

20.     Plaintiff's claims are typical of the claims of all members of the classes mentioned herein. Plaintiff, as a representative party, will fairly and adequately protect the interest of the classes by vigorously pursuing this suit through his attorneys who are skilled and experienced in handling matters of this type. Plaintiff has no claim or interest that is antagonistic to any class member.

21.     The nature of this action and the nature of laws at issue make use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein. Further, this claim involves a large corporate employer, Defendant, and a large number of individual employees (Plaintiff and all others similarly situated) with many relatively small claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named Plaintiff experienced, is representative of the classes mentioned herein and will establish the right of each of the members of the named class to recovery under the causes of action alleged herein.

22.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein which would establish potentially incompatible standards of conduct for Defendant; and/or (b) legal determinations with respect to

-6-

1  individual class members which would, as a practical matter, be dispositive of the interest of the

2  other class members not parties to adjudications or which would substantially impair or impede the

3  ability of the class members to protect their interests. Further, the claims of the individual members

4  of the class are not sufficiently large to warrant vigorous individual prosecution considering all of

5  the concomitant costs and expenses.

6  23.    Plaintiff and all others similarly situated are entitled to the wages and other monies

7  unlawfully withheld. This action is brought for the benefit of the public.

8

9                              **FIRST CAUSE OF ACTION**

10                            **UNFAIR BUSINESS PRACTICES**

11                              **(B&PC §17200, et seq.)**

12  24.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding

13  paragraphs as though fully set forth herein.

14  25.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since

15  four (4) years before the filing of this action, Defendant has engaged in a pattern and practice of

16  acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

17           **FAILURE TO PAY PROPER WAGES AND OVERTIME COMPENSATION**

18  26.    Plaintiff is informed and believes and thereon alleges that as part of Defendant's ongoing

19  unfair business practice, Defendant's employees were and are employed and scheduled as a matter

20  of established company policy to work, and in fact worked, shifts in excess of eight (8) hours.

21  Plaintiff and the members of the classes (the "Class") were frequently required to stay and work

22  over their scheduled shift, working in excess of eight (8) hours per day, and in excess of forty (40)

23  hours per week without receiving the proper overtime premium. The Defendant is in violation of

24  Labor Code §§510 and 1194, and the relevant California Industrial Welfare Commission Order 4 –

25  2001, et seq.

26  27.    Under Labor Code §1194, an employee is not fully compensated for the unpaid balance of

27  their overtime compensation unless the employee is paid all unpaid compensation for the regular

28  hours and overtime hours worked during an overtime shift.

28.    Defendant fails to pay Plaintiff and the Class proper wages due to Defendant's rounding mechanism. The mathematical result of these practices is that employees are underpaid their earned wages. Defendant's employees are not paid proper straight time or overtime compensation. In addition to, and independent from, Defendant's rounding mechanism, Plaintiff and the Class were required to keep their radios on them and remain "on call" at all times during their shift, even during time otherwise designated as a "break." The result of this policy is that Plaintiff and the Class were and are still on duty during these "breaks," yet are not paid for the thirty (30) minutes each day Defendant designates as a "meal break." As a result, Plaintiff and the Class are denied pay for this time.

29.    Defendant, and each of them, consistently administered a corporate policy regarding staffing levels, duties, and responsibilities of Defendant's employees, which required that the entirety of the employees work overtime without proper premium overtime pay. Further, Plaintiff and the Class are entitled to restitution of these wages obtained by Defendant, and each of them.

30.    This corporate policy and pattern of conduct is accomplished with the advance knowledge and designed intent not to pay the employees at a premium rate for all overtime hours. Further, Plaintiff is entitled to restitution of these wages obtained by Defendant, and each of them.

31.    Further, Plaintiff and the Class are entitled to restitution of all unpaid wages obtained by Defendant, and each of them. Plaintiff and the Class may seek restitution for all unpaid wages under California Business & Professions Code §17200, et seq. ("Section 17200"). Any business act or practice that violates the Labor Code through a failure to pay wages is by definition an unfair business practice under §17200. Section 17200 provides an action to recover wages as a restitution, even if such recovery might be barred if brought pursuant to the Labor Code, if the failure to pay constitutes a business practice.

32.    Plaintiff was and is employed and scheduled as a matter of established company policy to work and in fact worked as s non-exempt employee in excess of eight (8) hours per day.

33.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders. IWC Wage Order No. 4, as amended, applies to Plaintiff.

-8-

## VIOLATION OF MEAL PERIOD PROVISIONS

34.     Defendant's improper meal policies are in violation of California law including, but not limited to Labor Code §226.7, 512, and IWC Wage Order 4 – 2001. The Plaintiff and the Meal Break Class are entitled to a half hour meal period for every five (5) hours of his shift worked. Defendant violated the meal break provisions and did not provide Plaintiff and the Class with duty free meal periods for every five (5) hours of his shift worked. Plaintiff and the Class are entitled to one (1) hour of pay for each meal break violation at their regular rate of pay.

35.     Defendant failed to provide, impeded and/or discouraged Plaintiff and the Class from taking timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant period and/or failed to obtain legal waivers waiving the first or second meal period in a shift in excess of 10 hours.

## FAILURE TO PERMIT AND AUTHORIZE REST PERIOD BREAKS

36.     Plaintiff and the Class, during their employment by Defendant, including within the Class Period, were entitled to the benefits of Labor Code 226.7 and Order 4 – 2001 of the Industrial Welfare Commission. Pursuant to Labor Code Section 226.7 and Wage Order 4 – 2001, Plaintiff and the Class were entitled to separate rest periods of at least 10 minutes for each four-hour period of work or major fraction thereof, and one hour of additional pay for every shift a rest period was not provided in conformance with this obligation.

37.     Plaintiff is informed and believes, and thereon alleges that Defendant consistently compelled Plaintiff and the Class, who were scheduled for shifts of eight (8) hours or more, to keep their radios on and be subject to recall during all times during their shift and were therefore denied any period during his shift where they were relieved of all duty.

## FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING AND ILLEGAL DEDUCTIONS

38.     Defendant has unlawfully employed a rounding policy that disproportionately impacts employees, which results in lost wages for employees. Defendant has also unlawfully employed a policy of deducting thirty (30) minutes of pay from each employee's wages for "meal periods"

1  despite failing to provide any such duty-free period, which results in lost wages for employees.

2  39.    The conduct of Defendant is inimical to the public welfare since it transgresses both civil

3  and criminal statutes of this state designed to protect workers from exploitation.

4  40.    Defendant's conduct in rounding Plaintiff and the Class' time and failing to pay all wages

5  due was unlawful and also unfair within the meaning of Business & Professions Code §17200

6  because it was against established public policy and has been pursued to attain an unjustified

7  monetary advantage for Defendant by creating personal disadvantage and hardship to its

8  employees. As such, Defendant's business practices and acts have been oppressive and unfair. Said

9  conduct was also fraudulent within the meaning of Business & Professions Code §17200 because it

10  was intended by Defendant to deceive employees, prospective employees and other members of the

11  public into believing that employees were being paid properly for all hours worked, a deceit likely

12  to be believed by such persons.

13  41.    Plaintiff, on behalf of the class, seeks restitution and injunctive relief for all the

14  aforementioned violations.

15  42.    Defendants, and each of them, have engaged in unfair business practices in California by

16  practicing, employing and utilizing the employment practices complained of herein. Defendant's

17  use of such practices constitutes an unfair business practice, unfair competition, and provides an

18  unfair advantage over Defendant's competitors. Plaintiff, on behalf of the Class, seeks full

19  restitution of said monies, as necessary and according to proof, to restore any and all monies

20  withheld and/or acquired by Defendant by means of the unfair business practices complained of

21  herein. Plaintiff further seeks the appointment of a receiver, as necessary, to establish the total

22  restitutionary relief due from Defendant. The restitution includes all wages withheld by Defendant

23  as a result of the unfair business practices, including interest thereon. Absent a statutory provision

24  specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent.

25  43.    Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned,

26  Defendant has engaged in unlawful, deceptive, and unfair business practices prohibited by

27  California B&PC §17200, thereby depriving its employees of the minimum working condition,

28  standards and conditions due to them under the California labor laws and Industrial Welfare

1  Commission wage orders as specifically described herein. Plaintiff seeks an injunction preventing

2  Defendant from continuing its business practice of improperly depriving its employees' overtime

3  pay.

4  44.     By and through its unfair, unlawful, and/or fraudulent business practices and acts described

5  herein, Defendant has obtained valuable services from Plaintiff and has deprived Plaintiff and the

6  Class of valuable rights and benefits guaranteed by law, all to their detriment.

7  45.     Plaintiff, on behalf of the Class, is entitled to and does seek such relief as may be necessary

8  to restore to them the money and property which Defendant has acquired, or of which Plaintiff and

9  the Class have been deprived by means of the herein described unfair, unlawful, and/or fraudulent

10  business practices at all times in the future.

11  46.     Plaintiff is further entitled to and does seek a declaration that the above described business

12  practices are unfair, unlawful, and/or fraudulent, and injunctive relief restraining Defendant from

13  engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices at all

14  times in the future.

15

16  ## SECOND CAUSE OF ACTION

17  ### RECOVERY OF UNPAID WAGES & PENALTIES

18  ### (Labor Code §§218. 226, 510,1194, and 1198)

19  47.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding

20  paragraphs as though fully set forth herein.

21  48.     Plaintiff and the Class were and are employed and scheduled as a matter of established

22  company policy to work and in fact worked as non-exempt employees in excess of eight (8) hours

23  per day and/or in excess of forty (40) hours per week. Defendant employed and scheduled Plaintiff

24  and the Class without providing overtime compensation for such excess hours worked in violation

25  of Labor Code §§510, and 1194 and the relevant California Industrial Welfare Commission (IWC)

26  orders, including but not limited to, daily, weekly, and seventh day premium overtime payments.

27  Labor Code § 204 establishes the fundamental right of all employees in the state of California to be

28  paid the proper amount of wages in a timely fashion for their work, including overtime. The

-11-

1  California overtime requirement and wage requirement are non-waivable rights pursuant to Labor

2  Code §219.

3  49.    Pursuant to Labor Code §§ 218 and 1194(a), Plaintiff may bring a civil action for overtime

4  wages directly against the employer without first filing a claim with the Division of Labor

5  Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest

6  thereon, penalties, attorney's fees and costs.

7  50.    At all times relevant hereto, Defendant has failed to pay Plaintiff's and the Class' wages

8  when due as required by Labor Code §204.

9  51.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours

10  set by the IWC or under conditions prohibited by the applicable IWC Wage Orders. IWC Wage

11  Order No. 4, as amended, applies to Plaintiff.

12  52.    At all times relevant hereto, Defendant has treated Plaintiff and the Class as non-exempt

13  employees. Despite this classification, Defendant has willfully violated the Labor Code with

14  respect to meeting the requirements of paying all wages earned, including minimum wages, straight

15  time pay, overtime, and remuneration when calculating the non-exempt employees' regular rate of

16  pay, as herein before alleged.

17  53.    Labor Code §204 establishes the fundamental right of all employees in the State of

18  California to be paid wages in a timely fashion for their work.

19  54.    Plaintiff is informed and believes, and thereon alleges, that Defendant consistently

20  administered a corporate policy regarding both staffing levels and duties and responsibilities of the

21  Plaintiff to work overtime without proper premium pay. This included a uniform corporate policy

22  and practice of requiring Plaintiff to work in excess of eight (8) hours a day without paying

23  premium overtime. This corporate policy and pattern of conduct was/is accomplished with the

24  advance knowledge and design of all Defendants herein. Thus, Plaintiff and the Class regularly and

25  customarily performed overtime work. Accordingly, Plaintiff and the Class are entitled to overtime

26  compensation under California law. Further, Defendant disseminated false information throughout

27  Defendant's facilities and among the employees reciting that all non-exempt employees would

28  receive premium overtime pay.

55.    Plaintiff and the Class were and are employed and scheduled as a matter of established company policy to work and in fact worked as non-exempt employees in excess of eight (8) hours per day without overtime. Pursuant to <u>Labor Code</u> §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.

56.    Likewise, Defendant has a pattern, practice and uniform administration of corporate policy regarding failure to comply with the required provisions of <u>Labor Code</u> §226.7, in failing to pay Plaintiff and the Class for missed rest and meal periods one hour's wage at the employee's regular rate of pay. Accordingly, Plaintiff, on behalf of the Class, seeks all underpaid wages, wages that Defendant has failed to pay which are owing, including interest thereon, willful penalties, attorneys' fees, and costs of suit according to the mandate of <u>Labor Code</u> §1194, et seq.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING

### (<u>Labor Code</u> §§218. 226, 510,1194, and 1198)

57.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

58.    <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek… shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

59.    <u>California</u> Code of Regulations Title 8 §11000(2) and the IWC Wage Orders §4(A) state. "Every employer shall pay to each employee… wages not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008…"

60.    <u>Labor Code</u> §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

1  61.    Further, pursuant to Labor Code §1197, payment of less than the minimum wage fixed by

2  the Labor Commission is unlawful.

3  62.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours

4  set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage

5  Order(s).

6  63.    Defendant, as a matter of established company policy and procedure, consistently:

7          a.   Administered a uniform company policy and practices as to the rounding

8               policies regarding the Plaintiff and the Class; and

9          b.   Rounded the actual time worked and recorded by the Plaintiff and the Class,

10              usually down, so that during the course of their employment, Plaintiff and the

11              Class were paid far less than they would been paid had they been paid for actual

12              recorded time rather than "rounded" time.

13  64.    Because Defendant required Plaintiff and the Class to remain under Defendant's control

14  without paying therefore, this resulted in Plaintiff and the Class earning less than the legal

15  minimum wage in the State of California or the full amount of overtime compensation for overtime

16  hours worked.

17  65.    Defendant's pattern, practice and uniform administration of corporate policy regarding

18  illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant

19  to Labor Code §218, to recovery by Plaintiff on behalf of the Class, in a civil action, of the unpaid

20  balance of the full amount of wages owing, calculated at the appropriate rate.

21  66.    Pursuant to Labor Code §218.6, Labor Code §1194, and CC §3287, Plaintiff seeks recovery

22  of pre-judgment interest on all amounts recovered herein.

23  67.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, Plaintiff requests that the Court

24  award liquidated damages for failing to pay minimum wages for all time worked, and award

25  reasonable attorney's fees and costs incurred by them in this action.

26  ///

27  ///

28  ///

1

2

3

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS

#### (Labor Code §§226.7 & 512, et seq.)

4   68.   Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding

5   paragraphs as though fully set forth herein.

6   69.   Labor Code §226.7 requires an employer to pay an additional hour of compensation for

7   each meal period the employer fails to provide. Plaintiff alleges that Defendant failed to provide

8   legally compliant meals in addition to impeding, discouraging and/or dissuading employees from

9   taking legally compliant meal periods. Employees are entitled to a meal period of at least thirty

10   (30) minutes per five (5) hour work period. Plaintiff and the Meal Break Class consistently worked

11   over five (5) hour shifts without meal periods due to Defendant's policy of discouraging,

12   dissuading and/or impeding Plaintiff and the Meal Break Class from taking meal periods. Pursuant

13   to the Code, Plaintiff and the Meal Break Class are entitled to a meal period of not less than thirty

14   (30) minutes prior to exceeding five (5) hours of employment, and a second meal period for hours

15   worked over ten (10) in a day. Further, Plaintiff alleges that Defendant fails to provide second meal

16   periods for shifts worked in excess of 12 hours.

17   70.   Defendant failed to provide, impeded and/or discouraged Plaintiff and the  Class from

18   taking timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during

19   the relevant period and/or failed to obtain legal waivers waiving the right to a meal period.

20   71.   Pursuant to Labor Code §226.7, Plaintiff is entitled to damages in an amount equal to one

21   (1) hour of wages at the regular rate of compensation per missed meal break, in a sum to be proven

22   at trial.

23

24

25

26

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

#### (Labor Code §§226.7 & 512)

27   72.   Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding

28   paragraphs as though fully set forth herein.

73. Labor Code §226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours or major fraction thereof.

74. Labor Code §226.7(b) provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is nor provided.

75. Defendant failed and/or refused to implement a relief system by which Plaintiff and the Class could receive rest breaks and/or work free rest breaks for every four hours worked, or major fraction thereof. Furthermore, due to Defendant's requirement that Plaintiff and the Class carry radios and remain on call at all times, Plaintiff and the Rest Break Class did not receive their rest breaks. By and through its actions, Defendant intentionally and improperly denied rest periods to the Plaintiff and the Class in violation of Labor Code §§226.7 and 512.

76. At all times relevant hereto, the Plaintiff and the Class have worked more than four (4) hours in a workday.

77. By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and the Class, Plaintiff and the Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, which will be ascertained according to proof at trial.

78. Plaintiff, on behalf of the Class requests recovery of rest period compensation pursuant to Labor Code §226.7, which they are owed beginning four (4) years before the filing of this action through the date of judgment as the assessment of any statutory penalties against the Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Labor Code § 226)

79. Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

80. Labor Code §226 states:

///

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item..."

Subsection (e) provides: " An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

81.     Defendant knowingly and intentionally failed to provide Plaintiff and the Pay Stub Class with timely and accurate wage statements showing gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

82.     Defendant thus required Plaintiff and the Pay Stub Class, to work under conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders.

83.     Plaintiff and the Pay Stub Class suffered injury as a result of Defendant's knowing and intentional failure to provide Plaintiff and the Class with the wage statements required by law.

84.     Based on Defendant's conduct as alleged herein, Defendant is liable for actual damages, statutory damages and/or statutory damages and/or statutory penalties pursuant to California Labor Code §226, including attorney's fees and costs.

## PRAYER FOR RELIEF

1.  That the Court determine this action may be maintained as a class action; appoint Plaintiff as the Class Representative, and Appoint Counsel for Plaintiffs as Class Counsel;

    As to the First Cause of Action:

2.  For an order preliminarily and permanently enjoining Defendant from engaging in the

1   practices challenged herein;

2   3.  An order for full restitution of all monies, as necessary and according to proof, to restore

3   any and all monies withheld by the Defendant by means of the unfair practice complained

4   of herein. Plaintiff seeks the appointment of a receiver, as necessary. The restitution

5   includes all monies retained as wages, as defined in Labor Code §§200, et seq., 510 and

6   1194, and interest, and attorneys' fees as a result of the unfair business practices or retained

7   in violation of Labor Code §1198 and IWC Wage Order 4 – 2001;

8   4.  For an order finding and declaring that Defendant's acts and practices as challenged herein

9   are unlawful, and unfair and/or fraudulent;

10  5.  For an accounting, under administration of Plaintiff and subject to Court Review, to

11  determine the amount to be returned by Defendant and the amounts to be refunded to Class

12  members who are or were not paid all their wages due to Defendant's unfair business

13  practices;

14  6.  For the creation of an administrative process wherein each Class member and Plaintiff

15  receives his or her back wages.

16  7.  For an order requiring Defendant to make full restitution and payment pursuant to B&PC

17  sections 17200, et seq. for unfair business practices that violate Labor Code §§200, et seq.,

18  510 and 1194;

19  8.  For reasonable attorneys' fees under Code of Civil Procedure §1021.5, Labor Code Section

20  1194 and Labor Code Section 218.5, as well as the common fund theory of recovery, and

21  all other appropriate declaratory and equitable relief;

22  9.  For pre-judgment interest to the extent permitted by law and the California Constitution;

23

24  **As to the Second Cause of Action:**

25  10. For damages according to proof, as set forth in Labor Codes §§204, 218, 226, 510, 1194,

26  and 1198 et seq., (and the applicable California Industrial Welfare Commission wage

27  orders) regarding wages due and owing;

28  11. Due unpaid straight time wages pursuant to Labor Code §1194;

12. For pre-judgment interest as allowed by <u>Labor Code</u> §1194 and California <u>Civil Code</u> §3287(b), and for reasonable attorneys' fees;

**As to the Third Cause of Action:**

13. For recovery of the unpaid balance of the full amount of unpaid minimum wage or overtime and double time compensation, per <u>Labor Code</u> §§204. 218, 510, 1194, 1194.2, 1197, and 1198 due and owing, according to proof;

14. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for the uncompensated non-overtime hours of work, as authorized by <u>Labor Code</u> §1194.2(a);

15. For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CC</u>§3287;

16. For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §218.5, 1194, the common fund theory of recovery, the private attorney general theory, and/or <u>Labor Code</u> §1104(a);

**As to the Fourth Cause of Action:**

17. One (1) hour of pay at the regular rate of compensation for each workday that a meal break was not provided, impeded, discouraged and/or dissuaded;

**As to the Fifth Cause of Action:**

18. One (1) hour of pay at the regular rate of compensation for each workday that a rest break was not provided, impeded, discouraged and/or dissuaded;

**As to the Sixth Cause of Action:**

19. For recovery as authorized by <u>Labor Code</u> §226(e);

20. For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(e) and/or §226(g);

**As to All Causes of Action:**

21. For reasonable attorneys' fees and costs incurred;

22. For such other and further relief as this Court may deem just and proper.

Date: August 1, 2018                    FRONTIER LAW CENTER

Theodore R. Tang, Esq.
Attorney for
Josue Mendoza, on behalf of himself and all
others similarly situated, and the general
public

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Theodore R. Tang (313294)<br>Frontier Law Center<br>23901 Calabasas Road, Suite 2074<br>Calabasas, California 91302<br>TELEPHONE NO: **(818) 914-3433**  FAX NO: **(818) 914-3433**<br>ATTORNEY FOR *(Name)*: Plaintiff Josue Mendoza | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/01/2018** at 11:46:43 AM<br><br>Clerk of the Superior Court<br>By Gen Dieu, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
Mendoza v. Management and Training Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2018-00038572-CU-OE-CTL |
| | | | JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 1, 2018
Theodore R. Tang
_(TYPE OR PRINT NAME)_                          ▶ _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

PLAINTIFF(S) / PETITIONER(S): Josue Mendoza

DEFENDANT(S) / RESPONDENT(S): Management and Training Corporation

MENDOZA VS MANAGEMENT AND TRAINING CORPORATION [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2018-00038572-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge: Gregory W Pollack                    Department: C-71

### COMPLAINT/PETITION FILED: 08/01/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/04/2019 | 01:30 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Josue Mendoza | |
|---|---|
| DEFENDANT(S): Management and Training Corporation | |
| SHORT TITLE: MENDOZA VS MANAGEMENT AND TRAINING CORPORATION [E-FILE] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2018-00038572-CU-OE-CTL |
|---|---|

Judge: Gregory W Pollack                    Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                 ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____              Date: _____

_____                    _____
Name of Plaintiff                          Name of Defendant

_____                    _____
Signature                                  Signature

_____                    _____
Name of Plaintiff's Attorney               Name of Defendant's Attorney

_____                    _____
Signature                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 08/02/2018                          _____
                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1